UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FREDDIE J. COOK and                          )
BILL H. COOK,                                )
                                             )
            Plaintiffs/Counter-defendants,   )
                                             )
v.                                           )       No.:   3:05-CV-439
                                             )              (VARLAN/GUYTON)
MARK HUGHES, Individually and as             )
Representative and Administrator of the      )
Estate of ROBYN McCRONE,                     )
                                             )
            Defendant/Counter-plaintiff,     )
                                             )
and                                          )
                                             )
JOSEPH HATHCOCK,                             )
                                             )
            Defendant.                        )


## MEMORANDUM OPINION

This civil action is before the Court on two motions: counter-defendants' Motion to

Dismiss for Failure to Raise a Compulsory Counterclaim [Doc. 19] and counter-plaintiff's

Motion to Amend Answer [Doc. 24].  In the motion to dismiss, counter-defendants argue that

the counterclaim filed by counter-plaintiff on February 22, 2006 [Doc. 13] should be

dismissed because it is a compulsory counterclaim that he failed to assert in his answer, as

is required by Fed. R. Civ. P. 13(a), and because he failed to seek leave of the Court,

pursuant to Fed. R. Civ. P. 13(f), to amend his answer to add the counterclaim.  Counter-

plaintiff filed a response in opposition to the motion to dismiss [Doc. 23], arguing that his

failure to include the counterclaim in his answer was omitted through inadvertence because

counsel who filed his answer was only retained for defense purposes and not to prosecute any counterclaims. Counter-plaintiff filed a motion to amend his answer [Doc. 24] contemporaneously with this response and in it, requests that he be permitted to file his motion seeking leave to file the counterclaim *nunc pro tunc*.

The Court has carefully considered the pending motions and responsive briefs in light of the applicable law. For the reasons set forth herein, the Court will grant counter-defendants' motion to dismiss and deny counter-plaintiff's motion to amend.

## I.       Relevant Facts

Counter-defendants, Freddie and Bill Cook, filed suit in this Court against counter-plaintiff Mark Hughes and defendant Joseph Hathcock seeking damages for injuries sustained by counter-defendants arising out of an automobile accident occurring on September 25, 2005, in Monroe County, Tennessee involving counter-defendants, decedent Robyn McCrone, and defendant Hathcock. [Doc. 1.] Counter-plaintiff was sued in both his individual capacity, as he was the owner of the motorcycle decedent McCrone was riding at the time of the accident, and in his capacity as the personal representative and administrator of the estate of decedent McCrone. [*Id.* at ¶ 3.]

Counter-plaintiff filed an answer to the lawsuit in his representative capacity. [Doc. 10.] On February 24, 2006, counter-plaintiff filed an answer to the lawsuit in his individual capacity, and included in it a counterclaim filed in his representative capacity. [Doc. 13.] In this counterclaim, counter-plaintiff seeks to recover damages for injuries sustained by

decedent McCrone due to counter-defendant's alleged negligence and damages for decedent McCrone's alleged wrongful death. [Doc. 13 at ¶¶ 9-14.] On June 27, 2006, counter-defendants filed the pending motion to dismiss and counter-plaintiff filed the pending motion to amend the complaint filed in his representative capacity on August 1, 2006.

## II. Analysis

Fed. R. Civ. P. 13(a) provides the following regarding compulsory counterclaims:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

FED. R. CIV. P. 13(a). Counter-plaintiff does not contest counter-defendants' assertion that the counterclaim he seeks to add is a compulsory counterclaim and therefore, the Court will analyze it as such. At the outset, the Court notes that the purpose of Rule 13(a) is to "prevent fragmentation of litigation, multiplicity of actions and to conserve judicial resources." *Provident Life and Acc. Ins. Co. v. U.S.*, 740 F. Supp. 492, 496 (E.D. Tenn. 1990). It is not "intended to constitute a bar against the adjudication of rights with reasonable expedition." *Lucerne Products, Inc. v. Skil Corp.*, 441 F.2d 1127, 1129 (6th Cir. 1971).

When considered together with the Sixth Circuit's policy of encouraging courts to freely grant amendment via Fed. R. Civ. P. 13(f), *Silvers v. TTC Industries*, 484 F.2d 194, 198 (6th Cir. 1973), courts are counseled against dismissing counterclaims solely on the basis of those claims not being included in a party's first pleading. Rule 13(f) provides that

3

"[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of the court set up the counterclaim by amendment." FED. R. CIV. P. 13(f). Granting a motion for leave to file a counterclaim pursuant to Rule 13(f) is reserved to the sound discretion of the district judge. *Shearson/American Exp., Inc. v. Mann*, 814 F.2d 301, 308 (6th Cir. 1987). In determining how to exercise this discretion, a district court "must balance the equities, including whether the non-moving party will be prejudiced, whether additional discovery will be required, and whether the court's docket will be strained." *Budd Co. v. Travelers Indemnity Co.*, 820 F.2d 787, 793-93 (6th Cir. 1987). However, amendment should be denied in situations where "the counterclaim [does] not raise new issues" or where "the claim itself [is] meritless." *Shearson/American Exp., Inc.*, 814 F. 2d at 308 (internal citations removed).

Counter-plaintiff's counterclaim asserts two causes of action against counter-defendants: negligence and wrongful death. [Doc. 13 at ¶¶ 9-14.] Counter-defendants state that the statute of limitations on these claims has expired. [Doc. 19 at ¶ 2.] While they do not argue it directly, counter-defendants' notation of this fact implies that counter-plaintiff's counterclaim should be dismissed because it is time-barred.

Under Tennessee law, the statute of limitations for causes of action alleging "injuries to the person" is one year after the injury at issue occurred. TENN. CODE ANN. § 28-3-104 (2006). Here, the injuries for which counter-plaintiff is seeking to recover were sustained by decedent on the date of the accident, September 25, 2004. [Doc. 13 at ¶ 7.] Under Sixth Circuit law, an omitted counterclaim added via Rule 13(f) does not relate back to the date of

the filing of the original action, *see Stoner v. Terranella*, 372 F.2d 89, 91 (6th Cir. 1967), which in this case was September 23, 2005, just inside the statute of limitations. Therefore, if amendment were allowed, counter-plaintiff's counterclaim would relate back to the November 15, 2005 filing of the answer filed in his representative capacity [Doc. 10], which is more than one year after the injuries for which he seeks to recover were sustained. Accordingly, counter-plaintiff's counterclaim is legally insufficient in that the statute of limitations applicable to the causes of action asserted in it has expired. Thus, amendment via 13(f) should be denied and counter-plaintiff's counterclaim should be dismissed. *See Shearman/American Exp., Inc.*, 814 F.2d at 308.

## III. Conclusion

For the reasons set forth herein, counter-defendants' Motion to Dismiss for Failure to Raise a Compulsory Counterclaim [Doc. 19] is **GRANTED** and counter-plaintiff's Motion to Amend Answer [Doc. 24] is **DISMISSED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE